# Indirect Aid to Faith-Based Organizations Under the Charitable Choice Provisions of the Community Solutions Act of 2001

The Establishment Clause of the First Amendment does not necessitate that the charitable choice provisions of H.R. 7, the Community Solutions Act, require faith-based organizations receiving indirect payments of federal money to segregate such funds into an account separate from the organizations' general operating accounts.

June 22, 2001

MEMORANDUM OPINION FOR THE ASSOCIATE COUNSEL TO THE PRESIDENT

You have asked for our opinion whether the charitable choice provisions set forth in section 1994A of H.R. 7, the Community Solutions Act ("the Act"), must, consistent with the Establishment Clause, require faith-based organizations ("FBOs") receiving indirect payments of federal money to segregate such funds into an account separate from the FBO's general operating account. We conclude that the Establishment Clause does not require such segregation to preserve the Act's constitutionality.

The Supreme Court distinguishes, as a threshold matter, between direct and indirect aid.[1] For any given program, charitable choice allows, at the government's option, for direct or indirect forms of funding, or both.[2] Indirect aid is where the ultimate beneficiary is given a coupon or voucher, or some other means of payment, such that he or she has the power to select from among qualified providers at which the coupon or voucher may be "redeemed" and the services rendered. In a series of cases, and in more recent commentary contrasting indirect aid with direct aid cases, the Supreme Court has consistently upheld the constitutionality of mechanisms providing for indirect means of aid distributed without regard to religion.[3]

---

[1] *See, e.g.*, *Mitchell v. Helms*, 530 U.S. 793, 841-44 (2000) (O'Connor, J., concurring in the judgment).

[2] Charitable choice typically provides for both direct and indirect forms of aid to FBOs. *See, e.g.*, 42 U.S.C. § 604a(a)(1) (Supp. II 1996). This is most apparent in H.R. 7 by comparing the subparts of section 1994A(g).

[3] *See Zobrest v. Catalina Foothills Sch. Dist.*, 509 U.S. 1 (1993) (providing special education services to Catholic high school student not prohibited by Establishment Clause); *Witters v. Washington Dep't of Servs. for the Blind*, 474 U.S. 481 (1986) (upholding a state vocational rehabilitation grant to disabled student who elected to use the grant to obtain training as a youth pastor); *Mueller v. Allen*, 463 U.S. 388 (1983) (upholding a state income tax deduction for parents paying school tuition at religious schools); *see also Rosenberger v. Rector and Visitors*, 515 U.S. 819, 878-79 (1995) (Souter, J., dissenting) (distinguishing cases upholding indirect funding to individuals, admitted to be the law of the Court, from direct funding to religious organizations).

As Justice O'Connor recently noted in *Mitchell v. Helms*, the Supreme Court has approved the indirect payment of federal money to religious organizations for services so long as "'[a]ny aid . . . that ultimately flows to religious institutions does so only as a result of the genuinely independent and private choices of aid recipients.'" *Mitchell v. Helms*, 530 U.S. at 841 (O'Connor, J., concurring in judgment) (ellipses in original; citation omitted). In the quoted passage, Justice O'Connor explained why the Court declined to find a violation of the Establishment Clause in *Witters v. Washington Department of Services for the Blind*, 474 U.S. 481 (1986) (holding plaintiff could use vocational training grant to become a minister), and *Mueller v. Allen*, 463 U.S. 388 (1983) (upholding state tax deduction for educational expenses such as parochial school tuition). Indeed, because indirect aid to an FBO is "akin to the government issuing a paycheck to an employee who, in turn, donates a portion of that check to a religious institution," *Mitchell v. Helms*, 530 U.S. at 841, such aid is permissible under the Establishment Clause and need not be segregated into a separate account.[4]

SHELDON BRADSHAW
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[4] The Child Care and Development Block Grant Program of 1990, *see* 42 U.S.C. §§ 9858-9858q (1994), for example, has been providing low-income parents indirect aid for child care via "certificates" redeemable at, *inter alia*, churches and other FBOs. The Act has never been so much as even challenged in the courts as unconstitutional.